UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:17-CV-000113-HBB

ADAM STANDIFER                                                                      PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER
### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Adam Standifer seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 16) and Defendant (DN 20) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is affirmed.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12). By Order entered November 15, 2017 (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Supplemental Security Income on December 19, 2013[1] (Tr. 368-73. Plaintiff alleged that he became disabled on May 28, 2013 as a result of avascular

---

[1] The administrative decision indicates that the protective filing date was November 18, 2013. (Tr. 83).

necrosis, inability to walk without crutches, and depression (Tr. 392). On, February 25, 2016 Administrative Law Judge Marci Eaton conducted a video hearing from Paducah, Kentucky (Tr. 101, 103). Plaintiff and her attorney, Sara Martin participated from Owensboro, Kentucky (Id.). James Adams, the testifying vocational expert, was present in the hearing room in Paducah, Kentucky (Id.).

In a decision dated May 16, 2016 the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 80-92). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 18, 2013, the application date (Tr. 85). At the second step, the ALJ determined that the Plaintiff had the following severe impairments within the meaning of the regulations: status-post back surgery, degenerative disc disease, avascular necrosis of the left hip, status-post total left hip replacement, and gastroesophageal reflux disease (Tr. 85). Notably, at the second step, the ALJ also determined that Plaintiff's Hepatitis C, status-post gallbladder removal surgery, and mental impairments of depression and anxiety are "non-severe" impairments within the meaning of the regulations (Tr. 85-86). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 87).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.927(a)$^2$ (Tr. 88). More specifically, the ALJ found that Plaintiff is:

---

2 The Court recognizes that the limitation mention is less than full range of light work rather than sedentary work as defined by 20 CFR 416.967(a) which involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

> limited to: lifting [twenty] pounds occasionally and [ten] pounds frequently; standing and/or walking for two hours out of an eight hour work day; sitting for six hours out of an eight hour workday; occasionally pushing and/or pulling with his left lower extremity; occasionally climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; frequently balancing and stooping; occasionally kneeling, crouching, or crawling; and avoiding concentrated exposure to extreme cold, vibrating equipment, moving machinery, and unprotected heights.

(Tr. 88). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work as a farm laborer, welder, and general laborer (Tr. 91).

The ALJ proceeded to the fifth step where she considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 92-93). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 93). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from November 18, 2013 through the date of the decision (Tr. 93).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 356-57). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y

of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-5). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

4

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenged Findings

Plaintiff's fact and law summary and supporting memorandum set forth challenges to Findings Nos. 2, and 4 (DN 16 PageID # 1373-79). Plaintiff argues that Finding No. 2 fails to recognize that Plaintiff's mental health conditions constitute a severe impairment. (Id. PageID # 1376-77). Plaintiff challenges Finding No. 4 by asserting that: (1) the ALJ's consideration of the effect of Plaintiff's combined impairments was inadequate; (2) there was not substantial

evidence to support the ALJ's decision that Plaintiff's statements regarding pain and other limitations are not fully credible; and (3) whether substantial evidence supports the RFC determination (Id. PageID # 1373-79).

A.

The Court will begin by addressing Plaintiff's challenge to Finding No. 2. Plaintiff contends that he suffers from depression and anxiety and that the ALJ erred in her determination that these mental impairments were not severe (Id. PageID #1376-77). While the Plaintiff did describe the effect his mental condition has on his ability to maintain social function at the February 25, 2016 hearing (Tr. 120-22), he failed to provide medical evidence to the ALJ supporting his assertion. The Court notes that Plaintiff has been receiving treatment at River Valley Behavioral Health since October 14, 2016 and provided these records to the Appeals Council for their review.

Defendant asserts that:

> The ALJ noted the medically determinable impairments of depression and anxiety. (Tr. 86) However, she also stated that these impairments, "considered singly and in combination, do not cause more than minimal limitation" in Plaintiff's ability to perform basic mental work activities. (Tr. 86) The ALJ also noted that the state reviewing psychologists who reviewed the evidence opined that Plaintiff had only mild limitations in his activities of daily living, social functioning, concentration, persistence or pace, and no episodes of decompensation. (Tr. 86, 242, 253, 265, 279) For example, in June 2014, Joseph Cools, Ph.D., noted that Plaintiff reacted well to a moderate dosage of Zoloft, that Plaintiff had a non-severe psychological impairment, and that his psychological limitations "pose no more than minor limits to overall functional ability." (Tr. 277)

(DN 20 PageID # 1393). Therefore, argues Defendant, Plaintiff has not demonstrated that the

ALJ failed to consider Plaintiff's mental impairments nor has Plaintiff demonstrated that the ALJ erred in her determination.

At the second step in the sequential evaluation process, a claimant must demonstrate a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy this burden, the claimant must show he suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement (20 C.F.R. §§ 404.1509, 416.909) and "significantly limits" his ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863.

To satisfy the "medically determinable" requirement, the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. § 416.908; Social Security Ruling 96-4p, 1996 WL 374187, at *1; Social Security Ruling 96-3p, 1996 WL 374181, at *2. To fulfill the "duration" requirement the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 416.909.

The ALJ, in a decision dated May 16, 2016, determined that Plaintiff's medically determinable mental impairments of depression and anxiety considered singly and in combination did not cause more than minimal limitations (Tr. 86). The ALJ considered the four function areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1) (Tr. 86) and determined that "[b]ecause the claimant's medically determinable mental impairments cause no more than 'mild' limitations in any of the first three functional areas and 'no' episodes of decompensation which

7

have been of extended duration in the fourth area, they are nonsevere (20 CFR 416.920a(d)(1))." (Tr. 87). Thus, the Court agrees with the Defendant that Plaintiff has failed to demonstrate that the ALJ did not consider Plaintiff's mental impairments.

As noted above, Plaintiff has been receiving treatment at River Valley Behavioral Health since October 14, 2016 and provided these records to the Appeals Council. Plaintiff contends that these records demonstrate and corroborate his testimony and requests that this Court reverse or remand the case in order for the ALJ to consider the case through the lens of this new evidence of Plaintiff's impairments.

The Appeals Council considered the evidence but denied Plaintiff's request for review. As a result, the ALJ's decision became the final decision of the Commissioner. Thus, the ALJ's decision is subject to judicial review, and evidence submitted for the first time to the Appeals Council cannot provide a basis for finding the ALJ's decision unsupported by substantial evidence. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The only context in which the Court may consider any of the evidence that Plaintiff submitted after the ALJ issued the decision is to determine whether it merits remand pursuant to sentence six of 42 U.S.C. § 405(g). However, Plaintiff has made no such motion in this case.

B.

1. Consideration of Combination of Impairments.

Plaintiff alleges that the ALJ failed to consider the full implications of the combinations of Plaintiff's impairments with regard to the RFC (DN 16 PageID # 1376-77)[3]. However, all the

---

[3] After reviewing Plaintiff's argument it became clear that while Plaintiff is using the term "totally disabled" the substance of his argument is focused on the ALJ's RFC determination. With regard to the RFC, Plaintiff is asserting that if the ALJ had found as Plaintiff believes she should have, then the ALJ's finding at the fifth step would have resulted in a determination of disabled (DN 16, PageID # 1376-77).

material following a one-sentence introduction stating the rule of law that an ALJ is required to consider the effects of a claimant's conditions in combination is a misplaced challenge to the ALJ's step two findings. The undersigned addressed this issue above. Nowhere is there any evidence relating to the ALJ's failure to consider the full combination of Plaintiff's impairments. It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 2006 WL 463859, at *2 (6th Cir. 2006) (unpublished opinion). Here, the undersigned concludes Plaintiff has waived this argument.

2. Assessment of Plaintiff's Subjective Statements

Plaintiff contends that the ALJ discounted his testimony regarding pain and other symptoms without articulating a valid reason for doing so (DN 16 PageID # 1377-78). Plaintiff alleges that he has been nothing but consistent in detailing the intensity, persistence, and limiting effects of his pain and that he was honest and cooperative. Furthermore, Plaintiff contends that objective evidence in the form of imaging and medical records supports his subjective statements and that the ALJ erred in not accepting his testimony as fully credible (Id. PageId # 1378).

Defendant contends that "the ALJ found that, although Plaintiff's medically determinable impairments could be reasonably expected to produce the alleged symptoms, Plaintiff's statements regarding the intensity, persistence, and limiting effects of those symptoms were not fully consistent with the evidence of record (Tr. 89)." (DN 20 PageID # 1396-97). Further,

9

Defendant asserts that the ALJ expressly considered Plaintiff's testimony concerning his impairments as well as several state reviewing physicians' opinions that alleged a greater degree of function than Plaintiff alleged (Id.).

In assessing a claimant's residual functional capacity the ALJ must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p. A claimant's statement that he is experiencing pain and other symptoms will not, taken alone, establish that he is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a). In determining whether a claimant suffers from debilitating pain and other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must next determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id.

When the reported pain and other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. § 404.1529(c)(3). For example, the Administrative Law Judge may consider a claimant's level of daily activity in determining the extent to which pain and other symptoms are of disabling severity.

20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990). The Administrative Law Judge may consider the frequency that the claimant has sought treatment for the allegedly disabling conditions as a factor in assessing his subjective complaints. 20 C.F.R. § 404.1529(c)(3)(v). Another factor that may be considered is whether there are "any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence . . . " 20 C.F.R. § 404.1529(c)(4). Still another factor that may be considered is the medication used to alleviate the alleged pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(iv). Here, the ALJ did just that and determined that the claimant's allegations were not fully consistent with the evidence of record in the case (Tr. 89).

In pertinent part, the ALJ's decision reads as follows:

> The undersigned notes that it is claimant's responsibility to put forth evidence showing he had an impairment and how severe it is during the period he alleges disability (20 CFR 416.912(c)). The undersigned has the authority to make a determination that the claimant's impairments are not incapacitating to the extent alleged. Although the subjective element of incapacity is an important consideration in determining disability, the undersigned has discretion to evaluate the consistency of the claimant's allegations in relation to the evidence of record and to arrive at an independent judgment, in light of medical findings and evidence regarding the true extent of the incapacity alleged by the claimant. This issue of consistency of the claimant's allegations with the evidence of record in this case cannot be discussed analytically in absolute terms, but must be measured by degree. The Claimant testified, and understandably may honestly believe that his impairments are disabling. However, it is the duty of the undersigned to accurately determine the degree of his impairment based upon the totality of all other evidence of record. The undersigned has evaluated the claimant's subjective complaints and other allegations in accordance with 20 CFR 416.929, and SSR 16-3p. The claimant's allegations are found to be not fully consistent with the evidence of record in this case. Additionally, the medical findings do not

11

>support the existence of limitations greater than the above listed residual functional capacity.

(Tr. 89).

The ALJ found from the medical record, several state reviewing physicians' opinions, and Plaintiff's testimony, that Plaintiff does not suffer pain and other symptoms to the extent he claimed. In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Since tolerance of pain and other symptoms is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of the claimant, the conclusion of the Administrative Law Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)). The undersigned concludes that the ALJ's findings regarding Plaintiff's credibility are supported by substantial evidence and fully comport with applicable law. Therefore, Plaintiff's second challenge to Finding No. 3 is without merit.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

June 15, 2018

Copies: Counsel